PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* AGUSTÍN DEL VALLE, Defendant.—AGUSTÍN VÉLEZ-CRUZ and MARCELINA FRANQUI-VEGA, Bondsmen and Appellants.

No. 2726.—Argued April 29, 1926.—Decided May 19, 1926.

*Rafael Padró Parés* for the appellants. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This appeal was taken by Agustín Vélez Cruz and Marcelina Franqui Vega from an order of the District Court of Aguadilla forfeiting the bail bond given for the provisional liberty of Agustín del Valle during the pendency of his appeal to this court from a judgment of conviction in a criminal action which the People of Porto Rico brought against him for adultery.

By virtue of the bail bond the appellants bound themselves ''to deliver the defendant in compliance with the judgment if it should be affirmed or modified, or in case the judgment should be reversed and a new trial ordered that the said defendant Agustín del Valle should appear before the court to which the cause might be remanded and submit to its orders . . .''

The judgment appealed from by Agustín del Valle was reversed and the case was remanded to the district court for further proceedings not inconsistent with the opinion of the Supreme Court, from which it appears that the information filed against Agustín del Valle did not charge a crime because the woman with whom it was alleged that he committed adultery was an unmarried woman and the information did not aver that the defendant was married, and that although in order to supply the essential omission in the information the prosecuting attorney moved for and was granted leave during the trial to add the words, "being married," the granting of that leave was erroneous because after an information has been amended in a material aspect the defendant should not be brought to trial without a previous arraignment and without first giving him an opportunity to plead.

After the judgment of this court had been sent down defendant Agustín del Valle was summoned to appear for arraignment and his bondsmen were given notice to bring him into court, but the defendant did not appear on the day set and the forfeiture of the bond was adjudged.

██ Although the *Fiscal* contends in his brief that the order from which this appeal was taken is not appealable because in criminal actions only the People of Porto Rico or the defendant may appeal in the cases specified in sections 347 and 348 of the Code of Criminal Procedure, we understand that the issue involved in the present appeal is a special proceeding to forfeit a bail bond, for which reason it is of a civil nature, although the bond was given in a criminal action, and is therefore appealable.

██ The appellants argue that the bond was erroneously forfeited because they bound themselves that the defendant should appear in court in case the judgment should be affirmed or modified, or in case the judgment should be reversed and a new trial ordered, but that as the judgment of this court did not order a new trial, although it reversed

the judgment that was appealed from and remanded the case for further proceedings, they are not bound to answer with their bond for the defendant's appearance.

It is true that the judgment of this court in the appeal taken by Agustín del Valle did not order expressly the holding of a new trial, although it reversed the judgment appealed from, but as it provided that the reversal was for further proceedings, the holding of a new trial was included in such proceedings. What this court held practically was that as the amendment to the information made by the district attorney during the trial was material, the trial should not have been held without a previous arraignment of the defendant on the information as amended and giving him an opportunity to plead to it, these being the further proceedings that would result in a new trial.

For the foregoing reasons the order appealed from must be affirmed.